# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROGELIO OBESO-MELCHOR,

Defendant.

Case No. 10-CR-0230(18) (PJS/FLN)

ORDER

---

Thomas M. Hollenhorst, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Katherine Menendez, OFFICE OF THE FEDERAL DEFENDER, for defendant.

Defendant Rogelio Obeso-Melchor previously pleaded guilty to conspiracy to distribute marijuana. On June 10, 2011, the Court sentenced Obeso to a 30-month term of imprisonment to be served concurrently with the 30-month sentence that Judge Ericksen imposed on October 5, 2010, in *United States v. Obeso-Melchor*, No. 10-CR-0122 (JNE/JJG), for unlawful reentry to the United States. At Obeso's request, the Court recommended to the Bureau of Prisons ("BOP") that Obeso receive credit for the time that he served from the date of his initial arrest on April 23, 2010 to the date of his sentencing on June 10, 2011.

This matter is before the Court on Obeso's motion to modify his sentence. *See* ECF No. 797. Obeso contends that the BOP incorrectly calculated how much credit he should have received for time spent in custody while awaiting sentencing. Specifically, Obeso argues that the BOP failed to give him credit for the time that he spent in custody between his first sentencing on October 5, 2010 and his second sentencing on June 10, 2011. Obeso asks the Court to issue an amended judgment to impose a sentence of 22 months to be served concurrently with the sentence imposed in case No. 10-CR-0122.

Although a sentencing judge can recommend to the BOP that a defendant receive credit for time spent in custody, it is the BOP who has the ultimate authority to decide how much credit should be given. *See United States v. Wilson*, 503 U.S. 329, 333 (1992); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004) (determination of credit for time served "is properly left to the Bureau of Prisons"). Congress has been very clear in spelling out how a decision of the BOP must be challenged. If the inmate disagrees with the BOP's decision, he must first challenge the decision under the procedures that the BOP has provided. *See* 28 C.F.R. §§ 542.10-542.16. And if the inmate is not satisfied with the outcome of those procedures, he can seek judicial review of the BOP's decision by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) ("Prisoners are entitled to administrative review of the computation of their credits, 28 C.F.R. §§ 542.10-542.16, and after properly exhausting these administrative remedies, an inmate may seek judicial review through filing a habeas corpus petition under 28 U.S.C. § 2241."). The petition must be filed in the district in which the inmate is incarcerated, not the district in which the inmate was sentenced. *See United States v. Chacon-Vega*, 262 Fed. Appx. 730, 730 (8th Cir. 2008) (per curiam) ("a petition under 28 U.S.C. § 2241 challenging the execution of a sentence must be filed in the district where the petitioner is incarcerated").

In his motion, Obeso suggests that the Court could modify his sentence under 28 U.S.C. § 2255. But Obeso does not claim that his sentence was imposed in violation of the Constitution or federal law, as would be necessary to invoke § 2255. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (explaining that § 2255, like habeas corpus, provides federal prisoners a remedy for "jurisdictional and constitutional errors"). Nor can Obeso invoke Fed. R.

Crim. P. 36, since he does not claim that his sentence is the result of a "clerical error." *See generally United States v. Yakle*, 463 F.3d 810, 811 (8th Cir. 2006) (per curiam) (noting that Rule 36 was meant to allow for the correction of scrivener's mistakes); *United States v. Burd*, 86 F.3d 285, 288 (2d Cir. 1996) ("A clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." (internal quotations omitted)).

In short, the Court simply does not have the authority to grant the relief that Obeso seeks. Congress has prescribed the procedures that an inmate must use to challenge a decision of the BOP, and, like every other inmate, Obeso will have to follow those procedures.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that defendant Rogelio Obeso-Melchor's motion to modify his sentence [ECF No. 797] is DENIED.

Dated: May  29 , 2012                              s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge